## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM LITTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:17-cv-09355 |
| | ) |
| ALABAMA METAL INDUSTRIES | ) |
| CORPORATION, d/b/a AMICO, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, Alabama Metal Industries Corporation, d/b/a AMICO, ("AMICO"), by and through its attorneys, SmithAmundsen LLC, and, for its Answer to Plaintiff's Complaint at Law, states as follows:

1. At all relevant times stated herein the defendant, ALABAMA METAL INDUSTRIES CORPORATION, d/b/a AMICO, was a Delaware corporation, authorized to do business in Illinois, with its registered office located in Chicago, Cook County, Illinois.

**ANSWER:** **Defendant Admits only that it is a Delaware corporation and further admits that it has registered an agent located within Illinois with the Illinois Secretary of State. That which is not specifically admitted is denied.**

2. At all times relevant to this complaint, the plaintiff, WILLIAM LITTLE, was a resident of Chicago, Cook County, Illinois.

**ANSWER:** **Defendant Admits the allegations in paragraph 2.**

3. At all relevant times stated herein, the plaintiff, WILLIAM LITTLE, was an independent contractor truck driver of Longhaul Trucking, Incorporated.

**ANSWER:** **Defendant lacks sufficient knowledge and information to answer the allegations set forth in Paragraph 3.**

4. On December 13, 2016, plaintiff WILLIAM LITTLE arrived at defendant's place of business in Bourbonnais, Illinois, to receive a load of metal grating for transportation on his trailer.

**ANSWER:** **Defendant lacks sufficient knowledge and information to answer the allegations set forth in Paragraph 4.**

5. It was the custom, practice and policy for AMICO to load a work order, with plaintiff present observing and supervising the load of the trailer.

**ANSWER:** **Defendant Denies the allegations in Paragraph 5.**

6. Upon arrival, defendant's place of business was open. However, plaintiff was instructed to leave by AMICO employees because they indicated it was too close to closing time.

**ANSWER:** **Defendant lacks sufficient knowledge and information to answer the allegations set forth in Paragraph 6.**

7. Upon arrival, plaintiff was additionally instructed to leave his trailer in the custody and supervision of defendant AMICO's employees who would load the metal grating so it would be ready for transportation the next morning.

**ANSWER:** **Defendant Denies the allegations in Paragraph 7.**

8. Plaintiff was not given an opportunity to supervise or observe the loading of his trailer, in order to ensure the load was placed and secured in a safe and workmanlike manner.

**ANSWER:** **Defendant Denies the allegations in Paragraph 8.**

9. Plaintiff arrived at AMICO the next morning, December 14, 2016, and observed his trailer had been loaded improperly, and in a potentially dangerous manner by AMICO's employees.

**ANSWER:** **Defendant Denies the allegations in Paragraph 9.**

10. As a result of the improper and potentially dangerous loading of metal grating for the work order by AMICO, plaintiff was required to make adjustments in its positioning in order to secure the load safely for transport.

**ANSWER:** **Defendant Denies the allegations in Paragraph 10.**

11. During readjustment of the load because of it's improper positioning, the metal grates shifted, pinching plaintiff's left middle digit, resulting in amputation of the digit.

**ANSWER:** **Defendant Denies the allegations in Paragraph 11.**

12. At all times relevant, defendant individually, and through its employees had a duty to exercise ordinary care for the safety of the plaintiff.

**ANSWER:** **Defendant Denies the allegations in Paragraph 12.**

13. Notwithstanding the aforementioned duty, the defendant, was guilty of one or more of the following negligent acts or omissions:

    a) Loaded plaintiff's trailer with the metal grating in a dangerous, unstable and unsecure manner,
    b) Failed to allow plaintiff to supervise and observe the loading of his trailer, in order to ensure the loading was performed in a safe, stable, secure and workmanlike manner,
    c) Failed to secure the load on plaintiffs trailer in a manner safe for transport, so as not to result in a danger to the motoring public,
    d) Was otherwise careless or negligent

**ANSWER:** **Defendant Denies the allegations in Paragraph 13 including subparts (a)-(d).**

14. As a further proximate result of one or more of the aforesaid negligent acts and/or omissions, plaintiff, WILLIAM LITTLE, sustained severe and permanent injuries, incurred medical expenses, lost time from work, has had a dramatic impact on his activities of daily living and will continue to have such an impact, has sustained and will continue to sustain great pain and suffering, and has incurred serious and permanent disfigurement and disability.

**ANSWER:** **Defendant Denies the allegations in Paragraph 14.**

WHEREFORE, Defendant request Judgment be entered in its favor and against Plaintiff.

Defendant Demands a Trial By Jury.

Dated: January 5, 2018

Respectfully submitted,

SMITHAMUNDSEN LLC

By: /s/ *Thomas H. Hayden*
Attorney for Defendant

Thomas H. Hayden
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200
Fax: (312) 894-3210
Email: THayden@salawus.com